**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR L. HAIRSTON, SR., : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> ANTHONY BOYCE, et al., : <br> : <br> Respondents. : | Civil No.: 07-1945 (JBS) <br><br> **O P I N I O N** |

**APPEARANCES**:

    ARTHUR L. HAIRSTON, SR., Petitioner <u>Pro</u> <u>Se</u>
    #03705-087
    F.C.I. Fort Dix
    P.O. Box 38
    Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner, Arthur L. Hairston ("Hairston"), has submitted to the Court the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  For the reasons set forth below, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:

    (a) Writs of habeas corpus may be granted by the
    district courts within their respective jurisdictions

    (c) The writ of habeas corpus shall not extend to a
    prisoner unless-   (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States.

## I. BACKGROUND

Hairston challenges a prison disciplinary finding, dated April 20, 2007, on the grounds that the proceedings did not comport with due process under the Fifth Amendment and certain federal regulations governing disciplinary proceedings in federal prison. An incident report was issued on March 8, 2007, charging Hairston with violating Code 112. Hairston states that the incident report incorrectly shows the date of the incident as February 4, 2007, instead of the actual date of the incident, March 4, 2007. (Petition, at ¶¶ 1-2).

Consequently, reporting officer A. Moschello, revised the incident report on March 9, 2007 to show the correct date. Hairston complains that the revised report was not given to him until 9:20 p.m. on March 9, 2007, in violation of the 24-hour notice requirement. (Petition, at ¶ 3).

On March 12, 2007, Hairston went before the Unit Disciplinary Committee ("UDC"). The UDC allegedly referenced the initial incident report (which was in error). Hairston claims that the UDC violated the policy that a UDC hearing be held within 72 hours after the staff becomes aware of an incident. Hairston further alleges that he was illegally before the UDC because the correct incident report was never used. (Petition, at ¶ 4).

Counselor Sanchez and Case Manager Brown changed the date from February 4, 2007 to March 4, 2007, on the initial incident report at the March 12, 2007 UDC hearing. Hairston contends that this correction violates policy because only the reporting officer can change an incident report. (Petition, at ¶ 5).

On March 12, 2007, Hairston received notice of a hearing before a Disciplinary Hearing Officer ("DHO"). The alleged violation on the incident report stated that petitioner was charged with "failing to perform work as instructed by supervisor/lying to staff." DHO Anthony Boyce allegedly revised the violation. (Petition, at ¶ 6).

Hairston states that he filed an objection to the UDC hearing and the DHO hearing. (Petition, at page 4). However, he further admits that he has not pursued the requisite administrative remedies before filing this habeas petition because the "the administrative remedy process will not aid in this serious, gross, blatant disregard for policy and the United States Constitutional Rights of the Petitioner." (Petition, at page 5). Hairston asks this Court to expunge the disciplinary finding and sanctions imposed against petitioner.

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set

forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts (amended Dec. 1, 2004)("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**III.  DISCUSSION**

A.  Jurisdiction

A petition for a writ of habeas corpus is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

B.  Exhaustion of Administrative Remedies

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for habeas relief under § 2241.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  This exhaustion policy promotes three goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where

5

exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In this case, Hairston admits that he has not exhausted the administrative remedies[2] available to him with respect to the due process claims raised in his petition.  Instead, Hairston argues that the administrative remedy process would be futile in

---

[2]  The Bureau of Prisons ("BOP") Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id. Appeal to the General Counsel is the final administrative appeal. Id.

addressing "this serious, gross, blatant disregard for policy" and the United States Constitution. (Petition, at page 5).

The Court recognizes that exhaustion may be excused where it would futile. For example, in Snisky v. Pugh, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit. See 974 F. Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998); see also Ferrante v. Bureau of Prisons, 990 F. Supp. 367, 370 (D.N.J. 1998)(citing Snisky, 974 F. Supp. at 819-20); Fraley v. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

However, in this case, there is nothing to indicate that exhaustion would be futile. Hairston does not allege that he is scheduled for release soon. Furthermore, while certain aspects of Hairston's due process claim may appear weaker than others.[3]

---

[3] Hairston complains that he was denied due process in his disciplinary proceedings because he did not receive written notice of the charges within 24 hours of the incident and because the UDC hearing was not conducted within the 72-hour prescribed period of time under BOP policy. See 28 C.F.R. §§ 541.14, 541.15.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings. An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the

7

Hairston does present an issue as to whether the late revision of the charges themselves, at his DHO hearing, violated due process and policy that requires advance notice to inmates of the prison disciplinary charges against him, so that the prisoner has an opportunity to prepare a defense. As noted above, the Bureau of Prisons ("BOP") has a procedure for review of administrative appeals with respect to prison disciplinary procedures. Here, the BOP has not had the opportunity to conduct an administrative review and correct, if warranted, any violation of prison policy

---

facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. An inmate is also entitled to an inmate representative in some cases, and a written decision by the factfinder as to evidence relied upon and findings. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)(citing Wolff, 418 U.S. at 563-72).

Pursuant to 28 C.F.R. § 541.15, a UDC hearing must ordinarily be held within three working days from the incident. In this case, it appears that the UDC hearing was held eight days after the incident occurred. Section 541.15(b) reads:

> Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three working days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

This court does not reach the merits of petitioner's delay claim, since that issue is preserved for the BOP's consideration upon administrative appeal.

concerning proper notice to Hairston of the disciplinary charges. In short, there is no suggestion that resort to administrative procedures in this instance would be futile or inadequate to prevent irreparable harm.  Rather, the circumstances in this case show that resort to administrative review of the disciplinary proceedings would promote the goals of judicial economy and administrative autonomy.

Therefore, because Hairston has failed to exhaust his administrative remedies before bringing this action in federal court, the Court is constrained to dismiss without prejudice this habeas petition seeking to expunge the prison disciplinary sanctions.  It is possible that the relief Hairston seeks in this habeas petition may be awarded by the BOP.  See, e.g., Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)(dismissing the case for failure to exhaust and noting that the relief sought by the petitioner in his habeas petition could have been provided by the agency).

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this petition for habeas relief under 28 U.S.C. § 2241, based on petitioner's failure to exhaust administrative remedies.  The petition will be dismissed, without prejudice, to afford Hairston the opportunity to exhaust his administrative remedies, and to

afford the BOP the opportunity to examine petitioner's due process claim.  An appropriate Order accompanies this Opinion.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated:  May 22, 2007