<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ARTHUR L. HAIRSTON, SR., | : | Civil No.: 07-1945 (JBS) |
|  | : | |
| Petitioner, | : | |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| ANTHONY BOYCE, et al., | : | |
|  | : | |
| Respondents. | : | |

**APPEARANCES:**

ARTHUR L. HAIRSTON, SR., Petitioner <u>Pro</u> <u>Se</u>
#03705-087
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640

**SIMANDLE,** District Judge

Petitioner, Arthur L. Hairston ("Hairston"), has submitted a letter application seeking to re-open his case that had been dismissed by this Court, by Opinion and Order filed on May 22, 2007. (Docket Entry Nos. 6, 8).  Hairston's motion to re-open his case was received by the Court on September 6, 2007, and Hairston's supplement to his motion was received on September 10, 2007.  (Docket Entry Nos. 9, 10).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated

below, the motion is granted and the Court will direct the Clerk
to re-open this file accordingly.

I. <u>BACKGROUND</u>

Hairston initially filed his habeas petition on April 25,
2007.  In his petition, Hairston challenges a prison disciplinary
finding, dated April 20, 2007, on the grounds that the
proceedings did not comport with due process under the Fifth
Amendment and certain federal regulations governing disciplinary
proceedings in federal prison.[1]  Namely, Hairston alleges that a
revised incident report (to correct the date of the incident) was
not given to him until 9:20 p.m. on March 9, 2007, in violation
of the 24-hour notice requirement.  (Petition, at ¶ 3).  He also
claims that the Unit Disciplinary Committee ("UDC") violated
policy that requires a UDC hearing be held within 72 hours after
the staff becomes aware of an incident.  (Petition, at ¶ 4).
Next, he alleges that the March 12, 2007 notice of his hearing
before a Disciplinary Hearing Officer ("DHO"), had revised the
violation.  (Petition, at ¶ 6).

In his petition, Hairston stated that he filed an objection
to the UDC hearing and the DHO hearing, (Petition, at page 4);
however, Hairston admitted that he has not pursued the requisite
administrative remedies before filing this habeas petition

---

[1]  Hairston asks this Court to expunge the disciplinary
finding and sanctions imposed against petitioner.

2

because the "the administrative remedy process will not aid in this serious, gross, blatant disregard for policy and the United States Constitutional Rights of the Petitioner." (Petition, at page 5).

This Court dismissed Hairston's habeas petition on the ground that petitioner had failed to exhaust his administrative remedies before bringing his petition in federal district court. Further, this Court determined that there was nothing alleged by Hairston in his petition to indicate that exhaustion would be futile.

> Hairston does not allege that he is scheduled for release soon.  Furthermore, while certain aspects of Hairston's due process claim may appear meritless, Hairston does present an issue as to whether the late revision of the charges themselves, at his DHO hearing, violated due process and policy that requires advance notice to inmates of the prison disciplinary charges against him, so that the prisoner has an opportunity to prepare a defense.  As noted above, the Bureau of Prisons ("BOP") has a procedure for review of administrative appeals with respect to prison disciplinary procedures.  Here, the BOP has not had the opportunity to conduct an administrative review and correct, if warranted, any violation of prison policy concerning proper notice to Hairston of the disciplinary charges.  In short, there is no suggestion that resort to administrative procedures in this instance would be futile or inadequate to prevent irreparable harm.  Rather, the circumstances in this case show that resort to administrative review of the disciplinary proceedings would promote the goals of judicial economy and administrative autonomy.

> Therefore, because Hairston has failed to exhaust his administrative remedies before bringing this action in federal court, the Court is constrained to dismiss without prejudice this habeas petition seeking to expunge the prison disciplinary sanctions.  It is possible that the relief Hairston seeks in this habeas petition may be awarded by the BOP.  See, e.g., Boz v. United States, 248 F.3d 1299, 1300

(11th Cir. 2001)(dismissing the case for failure to exhaust and noting that the relief sought by the petitioner in his habeas petition could have been provided by the agency).

See this Court's Opinion at pages 7-9 (Docket Entry No. 6).

In his motion to re-open, Hairston complains that he did not receive the Order dismissing his petition.  He also claims that his petition was properly filed and should be placed before the Bureau of Prisons and Respondent Anthony Boyce for a response. In his supplement, Hairston now states that he has "run the administrative remedy process," in contrast to his allegations stated in his initial petition.  Hairston does not elaborate on the administrative grievance process; nor does he indicate whether he has exhausted his administrative remedies after having filed his initial petition.

## II.  DISCUSSION

As stated in this Court's May 22, 2007 Opinion, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for habeas relief under § 2241.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Exhaustion of administrative remedies is not required where it would be futile, see, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988), or where it delay would subject petitioner to "irreparable injury."  Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000).

4

This Court dismissed Hairston's petition because he had admitted in his petition that he did not exhaust his administrative remedies because the administrative remedy process would be futile in addressing "this serious, gross, blatant disregard for policy" and the United States Constitution. (Petition, at page 5).  This Court found that there was no suggestion in Hairston's pleading that resort to administrative procedures in his case would have been futile or inadequate to prevent irreparable harm.

Now, Hairston claims that he has "run the administrative remedy process."  However, there is no administrative record to support or challenge Hairston's assertion.  Where the issue of non-exhaustion of administrative remedies is not apparent from the pleadings, and petitioner simply contends that he has exhausted his remedies without more, this Court is constrained to re-open the case.  Non-exhaustion of administrative remedies is an affirmative defense.  Unless there is evidence to the contrary, this Court must accept petitioner's new allegation as true at this initial stage.  Respondents may then raise this defense of non-exhaustion in their answer, and provide the relevant administrative record, if Hairston's new allegation is not accurate.

III.  <u>CONCLUSION</u>

Therefore, for the reasons set forth above, Hairston's motion to re-open his case will be granted and the Clerk of the Court will be directed to re-open the file accordingly.  Further, this Court will direct the respondents to answer the petition and provide the relevant administrative record.   An appropriate order follows.

**<u>s/ Jerome B. Simandle</u>**
JEROME B. SIMANDLE
United States District Judge

Dated:  **October 19, 2007**