**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


ARTHUR L. HAIRSTON, SR.,      :
                              :    Civil Action No. 07-1945 (JBS)
          Petitioner,         :
                              :
     v.                       :         O P I N I O N
                              :
ANTHONY BOYCE, et al.,        :
                              :
          Respondents.        :
```

**APPEARANCES:**

    ARTHUR L. HAIRSTON, JR., Petitioner pro se
    #03705-087
    FCI Fort Dix
    P.O. Box 38
    Fort Dix, New Jersey 08640

    JOHN ANDREW RUYMANN, AUSA
    OFFICE OF THE UNITED STATES ATTORNEY
    402 East State Street, Suite 430
    Trenton, New Jersey 08608

**SIMANDLE**, District Judge

    This matter comes before the Court upon pro se petitioner, Arthur L. Hairston, Sr.'s ("Hairston") motion for reconsideration of this Court's May 16, 2008 Opinion and Order, which denied his petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of merit. Hairston filed his motion for reconsideration on or about May 29, 2008.[1] (Docket Entry No. 23).

---

[1] Pursuant to the "prison mailbox rule," pleadings filed by prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court. See Houston v. Lack, 487 U.S.

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On or about April 25, 2007, Hairston filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging an April 2007 federal prison disciplinary proceeding. In his petition, Hairston argued that he was denied procedural due process in violation of the Fifth Amendment because the original disciplinary incident report was changed to correct the date of the incident and the rewritten report was provided to him more than 24 hours after the staff became aware of the incident. He also claimed that the Unit Disciplinary Committee ("UDC") hearing was held more than three days after staff became aware of the

---

266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Hairston handed his motion for reconsideration to prison officials for mailing, the letter motion was dated by petitioner on May 29, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that May 29, 2008 was the date this motion was filed, and not the date the motion was received by the Clerk of the Court on June 2, 2008.

incident, and the notice advising him of the Disciplinary Hearing Officer ("DHO") hearing stated the wrong alleged violation. Apparently, the DHO had crossed out the erroneous charge on the notice form and wrote in the correct charge.

In response to Hairston's § 2241 habeas petition, the respondents countered that there was no deprivation of due process and that there was some evidence to support the discipline imposed.

In an Opinion and Order filed on May 16, 2008, this Court found no merit to Hairston's claims.  This Court concluded that Hairston had not demonstrated any denial of due process, finding that the insignificant typographical errors in the first Incident Report and the UDC notice did not offend due process.  Hairston was charged with a Code 112 violation and he was fully informed as to the nature and severity of the charge from the Incident Report.  This Court also found that there was sufficient evidence to support the disciplinary charge and finding, namely, the urine sample provided by Hairston, which had tested positive for opiates/morphine, the fact that Hairston was not authorized by the medical department for any medication that would give a positive result in a urine test, and the chain of custody of the urine sample was not compromised and there was nothing to show the laboratory result to be unreliable.  (May 16, 2008 Opinion at pp. 14-18, Docket Entry No. 21).

In a letter motion dated May 29, 2008, Hairston argues that his § 2241 habeas petition does have merit and that the administrative remedy process in the federal prisons is corrupt because the Bureau of Prisons ("BOP") "can make up policy as the process moves along."  He contends that there is no need to appeal this Court's decision because this Court "has held that it's okay to violate the administrative remedy process." (Petitioner's Motion/Notice at Docket Entry No. 23).

## II.  **ANALYSIS**

Because Hairston states that his notice is not an appeal, this Court construes the notice as a motion for reconsideration of this Court's May 16, 2008 Opinion and Order.  Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R.

4

7.1(I); see <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. <u>See United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345; <u>see also</u> L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." <u>Bowers</u>, 130 F. Supp.2d at 612 (citation omitted); <u>see also</u> <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876, 878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the

5

record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the

entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Hairston fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Instead, Hairston simply disagrees with this Court's decision, stating that the decision violates the administrative remedy process without any support for such a claim.

Thus, Hairston does not satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Hairston's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process, which he admittedly abhors. Hairston may not use this motion to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Hairston's motion for reconsideration, and the motion will be denied for lack of merit.  An appropriate Order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated:    **July 10, 2008**